**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

CARL WELLS,

                    Petitioner,

  - against -

EUGENE LEFAVRE, Superintendent,
Franklin Correctional Facility,

              Respondent.

-------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**MEMORANDUM**
**OPINION AND ORDER**

**96 Civ. 3417 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/13/10

## I.   BACKGROUND

Pro se petitioner Carl Wells was convicted in New York State

Supreme Court of one count of Robbery in the First Degree[1] and sentenced to a

nine-to-eighteen year term of imprisonment.[2]  Wells directly appealed his

conviction to the Appellate Division, First Department, which affirmed his

---

[1]     N.Y. Penal Law § 160.15(4) (McKinney 2010).

[2]     For the history of Wells' post-conviction motions, see Declaration in
Opposition to Petitioner's Motion to Vacate the Judgment Pursuant to Fed. R. Civ.
P. 60(b) ¶¶ 4-12.

conviction.[3] The appellate court found defendant's waiver of counsel claim –

"that the inquiry conducted by the [trial] court was too perfunctory to ensure that

his waiver of counsel was knowing, voluntary and intelligent" – to be without

merit.[4] Wells raised this issue again, on collateral attack, arguing that the trial

court erred in granting his motion to proceed pro se without first determining the

effectiveness of his waiver of the right to counsel.[5] In support of this argument,

Wells attached, *inter alia*, a draft version of his Brief for Defendant-Appellant

("App. Brief") to his Petition.

This Court denied the Petition in its entirety.[6] In doing so, the facts

and circumstances regarding Wells' decision to defend himself pro se in his state-

court trial were recounted, as follows:

> Before jury selection, Wells indicated his desire to proceed
> pro se. Justice Rubin asked, and Petitioner answered that
> he understood, that he would have to: (1) cross examine
> witnesses; (2) decide which witnesses to call; (3) pick the

---

[3]    *See People v. Wells*, 634 N.Y.S.2d 462 (1st Dep't 1995).  Wells'
conviction therefore became final on or about February 28, 1996, ninety days after
the Appellate Division affirmed his conviction on November 28, 1995.

[4]    *Id.* at 463.

[5]    *See* Petition Under 28 USC § 2254 For Writ Of Habeas Corpus By A
Person In State Custody ("Petition"), Ground Two.

[6]    *See Wells v. LeFavre*, No. 96 Civ. 3417, 1996 WL 692003, at *1
(S.D.N.Y. Dec. 2, 1996) (the "Opinion and Order").

2

jury, "the whole nine yards;" and (4) abide by the Court's rulings. Justice Rubin reminded Petitioner that he faced a Class B violent felony offense, and thus a potential prison term of twelve and one-half to twenty-five years. Petitioner responded "I understand how serious it is."

Justice Rubin appointed Mr. Wells' former legal aid counsel to stand by as a legal advisor, and told Petitioner: "You are to consult with your legal advisor, Ward Oliver[,] as frequently as you need to consult with him." Petitioner did, in fact, consult with Mr. Oliver during the course of jury selection and trial.[7]

In dismissing Wells' waiver of counsel claim, this Court stated:

> Given this record, although the trial court "might have conducted a fuller inquiry into [Petitioner's] decision to represent himself," *Hurtado*, 47 F.3d at 583, the record establishes that Petitioner "knew what he [was] doing and his choice [was] made with eyes open." *Id.*, quoting *Faretta v. California*, 422 U.S. 806, 835 (1975). As in *Hurtado*, Petitioner was "clearly aware of the penalties he faced if convicted" and declined "subsequent offers ... to reinstate his counsel." 47 F.3d at 583. For Petitioner to prevail on his waiver claim, the evidence would have to support a conclusion that the Appellate Division's denial of Petitioner's fourth claim "was contrary to, or involved a n unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Appellate Division's decision was reasonable, however, since the pretrial and trial record outlined above demonstrates that Petitioner "knowingly and intelligently" waived his right to counsel. *Faretta*, 422 U.S. at 835. Thus Petitioner's waiver of

---

[7]     *Id.* at *4 (citations omitted, alteration in original).

counsel claim is denied on the merits.[8]

## II.     DISCUSSION

Petitioner now moves under Federal Rule of Civil Procedure 60(b) to

vacate the Opinion and Order.[9]  In support of his Motion, Wells cites *Indiana v.*

*Edwards*[10] for the proposition that "this Court should address the lower [state]

court's obligation to conduct a mental examination before granting anyone pro se

status."[11]  Wells thereby attempts to justify his Motion based upon an intervening

change in the governing law.[12]  Wells' reliance on *Edwards* is misplaced for two

main reasons.

*First*, *Edwards* does not support the arguments made by Wells in his

Motion.  In sum, Wells argues that his request to waive counsel should not have

been granted by the state court without first conducting an examination of

---

[8]      *Id.* (citation to the record omitted, alterations in original).

[9]      *See* Motion to Vacate ("Motion") (citing Fed. R. Civ. P. 60(b)(5) &
(6)).  Rule 60(b)(5) permits a court to relieve a party from a final judgment, order,
or proceeding where "the judgment has been satisfied, released or discharged; it is
based on an earlier judgment that has been reversed or vacated; or applying it
prospectively is no longer equitable" while Rule 60(b)(6) does the same for "any
other reason that justifies relief."

[10]     128 S. Ct. 2379 (2008).

[11]     Motion ¶ 27.

[12]     *See id.* ¶ 5.

4

petitioner's mental competency to represent himself at trial.  Wells argues that his

reference to his "mental capability" in a colloquy amongst himself, his court-

appointed attorney and the state judge "should have alarted [sic] both the legal

advisor and the court to question the petitioner's mental competency to represent

himself and stand trial."[13]  Wells then points out that he had a history of taking

mental health medications while incarcerated at Riker's Island for some portion of

the period 1989 through 1990.[14]  In addition, Wells had been admitted to the

custody of a psychiatric facility from February 2007 through June 2007 and has

taken psychotropic medications since February 2007.[15]  Wells notes that he was

diagnosed with schizophrenia and bipolar disorder.[16]  Given Wells' long history of

incarceration and trouble with the law, Wells argues the state court judge should

have inquired into his mental capacity before accepting his decision to proceed to

trial without counsel.

---

[13]     *Id.* ¶ 14.

[14]     *See id.* ¶ 26.

[15]     *See id.*

[16]     *See id.* ¶ 27.

*Edwards*, however, does not address the standard to be employed by a state court judge in determining whether to accept a waiver of counsel from a defendant who suffers from mental infirmities.  Rather, *Edwards* "focuses upon a criminal defendant whom a state court found mentally competent to stand trial if represented by counsel but not mentally competent to conduct that trial himself."[17] The question in *Edwards* was whether "the Constitution forbids a State from insisting that the defendant proceed to trial with counsel . . . thereby denying the defendant the right to represent himself."[18]  In other words, "whether the Constitution permits a State to limit [a] defendant's self-representation right by insisting upon representation by counsel at trial – on the ground that the defendant lacks the mental capacity to conduct his trial defense unless represented."[19]  The Court held that the Constitution does not forbid a State from so insisting, stating

> that the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so.  That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe

---

[17]     *Edwards*, 128 S. Ct. at 2381.

[18]     *Id.*

[19]     *Id.* at 2385-86.

> mental illness to the point where they are not competent to
> conduct trial proceedings by themselves.[20]

In reaching this holding, the Supreme Court declined to overrule *Faretta v.

California*,[21] which first held that a defendant has a constitutional right to self-

representation.[22]

In sum, *Edwards* simply does not address the scope of a state court's

inquiry when deciding whether to accept a defendant's request for self-

representation. Thus, *Edwards* does not represent an intervening change in the

law that would justify Wells' motion to vacate under Rule 60(b). Accordingly, the

reasonableness of the Appellate Division's decision remains governed by *Faretta*,

which was applied by this Court in deciding that Wells knowingly and

intelligently waived his right to counsel.[23]

---

[20]    *Id.* at 2387-88.

[21]    95 S. Ct. 2525 (1975).

[22]    *See id.* at 2541.

[23]    *See Wells*, 1996 WL 692003, at \*4. Even if a state court were
obligated to inquire into a defendant's mental competency before agreeing to a
waiver of counsel, there was nothing to indicate to the state court judge that Wells'
mental abilities may have been impaired. On his direct appeal, Wells did not raise
his mental competency with regard to the effectiveness of his waiver of the right to
counsel. *See* App. Brief at 14-23. And nothing in the trial record reveals that the
state court was, or should have been, aware of Wells' previous psychiatric
problems. Accordingly, the claim that the state court should have conducted a
mental competency examination in connection with petitioner's decision to

*Second*, even if *Edwards* were on point, the *Edwards* Court gave no indication that *Edwards* is to be applied retroactively to cases on habeas review.[24] The retroactivity question must therefore be analyzed under existing Supreme Court precedent.  In *Teague v. Lane*, the Supreme Court held that new constitutional rules of criminal procedure are generally not retroactively applicable to cases that became final before such rules were announced.[25]   According to the Supreme Court, "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government."[26]   In other words, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final."[27]   The general bar

---

represent himself was never raised in state court.  Thus, Wells' instant claim is unexhausted but procedurally barred given the lack of further recourse to the state appellate court.

[24]      In fact, *Edwards* is not a habeas case but a state court criminal proceeding that was appealed to the Indiana Supreme Court.  At Indiana's request, the Supreme Court "agreed to consider whether the Constitution required the trial court to allow Edwards to represent himself at trial." 128 S. Ct. at 2383.

[25]      *See* 489 U.S. 288, 310 (1989).  *Accord Mungo v. Duncan*, 393 F.3d 327, 333 (2d Cir. 2004) ("In *Teague*, the Supreme Court barred the application of new procedural rulings in the collateral review of convictions that became final before those rulings were announced.") (citing *Teague*, 489 U.S. at 310).

[26]      *Teague*, 489 U.S. at 301.

[27]      *Id.* (emphasis in original).

8

against retroactivity announced in *Teague* is subject, however, to two exceptions.

> The *Teague* opinion, however, delineated two exceptions. The first . . . is that "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Teague*, 489 U.S. at 311 (quoting *Mackey v. United States*, 401 U.S. 667, 692 (1971) (Harlan, J., concurring in part and dissenting in part)). The second exception is for "new 'watershed rules of criminal procedure' that are necessary to the fundamental fairness of the criminal proceeding" and improve the accuracy of the criminal process. *Gaines v. Kelly*, 202 F.3d 598, 604 (2d Cir. 2000) (quoting *Sawyer v. Smith*, 497 U.S. 227, 241-42 (1990) (quoting *Teague*, 489 U.S. at 311)).[28]

*Edwards* does not fall within either of these exceptions.[29]  The holding in *Edwards*

– that the Constitution permits States to insist upon representation by counsel for

those defendants sufficiently competent to stand trial but not sufficiently

competent to represent themselves at trial – does not involve individual conduct

that is beyond the power of the criminal law to proscribe, nor does it represent a

---

[28]     *Mungo*, 393 F.3d at 333 (parallel citations omitted).

[29]     Furthermore, the Second Circuit has "held in general terms that § 2254(d)(1) bars retroactive reliance on new rules of law." *Id.* at 334 (citing *Vasquez v. Strack*, 228 F.3d 143, 148 (2d Cir. 2000) ("If petitioner's claim requires us to apply a rule of law that was not clearly established Federal law as determined by the Supreme Court at the time of the state court determination, Section 2254(d)(1) bars relief.")).

watershed rule of criminal procedure.   Hence, the extension of *Edwards* that Wells urges upon this Court – requiring state courts to conduct a preliminary mental examination of any defendant who requests to represent himself pro se before approving a waiver of counsel – is simply not appropriate or warranted.

## III.   CONCLUSION

For the foregoing reasons, Wells' Motion to vacate the Opinion and Order under Federal Rule of Civil Procedure 60(b) is denied.   Finally, there is the question of whether this Court should grant a Certificate of Appealability ("COA").   For a COA to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."[30]   A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[31]   Petitioner has made no such showing. Accordingly, I decline to grant a certificate of appealability.   The Clerk of the

---

[30]     28 U.S.C. § 2253(c)(2).

[31]     *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation marks and citation omitted)). *Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

Court is directed to close this Motion (Document # 20).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          July 13, 2010

11

## - Appearances -

**Petitioner (Pro Se):**

Carl D. Wells
# 895-070-1214
18-18 Hazen Street
East Elmhurst, NY 11370

**For Respondent:**

Alyson J. Gill
Leilani Rodriguez
Assistant Attorneys General
120 Broadway
New York, NY 10271
(212) 416-8871